## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BYRON TODD,

      Plaintiff,

vs.                                     No. CIV 10-0106 JB/RLP

TOMAS MONTOYA, RON
TORRES, Director of the
Metropolitan Detention Center, and
THE BOARD OF COUNTY
COMMISSIONERS OF
BERNALILLO COUNTY,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Lift Stay of Discovery,

filed November 9, 2010 (Doc. 33)("Motion").  The primary issue is whether, given that the Court

has now ruled on the Defendants' Joint Motion for Summary Judgment or in the Alternative Motion

to Disqualify Counsel, filed March 26, 2010 (Doc. 16)("Joint Motion"), the Court should lift the stay

of discovery and order that a scheduling order be issued forthwith.  Because there is no sound reason

now to keep the stay of discovery in place, the Court will grant the Motion, lift the stay, and issue

a scheduling order.

### FACTUAL BACKGROUND

Plaintiff Byron Todd's lawsuit arises out of an alleged incident at the Metropolitan Detention

Center ("MDC") in Albuquerque, New Mexico on January 13, 2008.  See Complaint for Civil

Rights Violations, Tort Claims and Damages ¶¶ 9, 31, at 3, 5, filed February 8, 2010 (Doc. 2-

1)("Complaint").  Todd sued Defendants Tomas Montoya, Ron Torres, and the Board of County

Commissioners of Bernalillo County ("Bernalillo County").  At the time of the incident underlying Todd's Complaint, January 13, 2008, Montoya, who worked at the MDC, was assigned to oversee inmates at a pod[1] at the MDC.  See Complaint ¶¶ 14-15, at 3; Defendant Tomas Montoya's Answer and Affirmative Defenses to Complaint for Civil Rights Violations, Tort Claims and Damages ¶¶ 14-15, at 3, filed February 15, 2010 (Doc. 6).  Todd alleges that Montoya allowed two other inmates to view his criminal charges and that, after seeing Todd's previous charges, those two inmates physically attacked him.  See Complaint ¶¶ 25, 31, at 4, 5.

Before Todd filed his Complaint, a private investigator whom one of Todd's attorneys hired contacted Montoya and asked Montoya whether he would give a statement regarding the alleged incident on January 13, 2008.  See Memorandum Opinion and Order at 1-2, filed January 12, 2011 (Doc. 39)("Jan. 12, 2011 MOO").  The investigator, Gary Ainsworth, told Montoya that he worked for the lawyers who represented Todd, that the lawyers for whom he worked were going to sue Bernalillo County, that Montoya was involved, and that the lawsuit which Todd's lawyers planned to file involved and centered around Montoya's actions regarding Todd.  See Jan. 12, 2011 MOO at 2.  Ainsworth read Montoya Section 41-4-20 of the New Mexico Statutes Annotated, which states that governmental entities shall cover every risk for which immunity has been waived under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 through 41-4-30.  See Jan. 12, 2011 MOO at 4.  When Montoya expressed confusion about the meaning of the statute, Ainsworth informed Montoya he could contact an attorney.  See Jan. 12, 2011 MOO at 5.  Montoya agreed to give a statement at the office of one of Todd's attorneys, Ryan Villa.  See Jan. 12, 2011 MOO at 7-8. Before Mr. Villa took Montoya's statement, he told T. Montoya that he represented Todd, that Todd

---

[1] The MDC is organized in a podular design and currently operates four housing units with eight pods each.

was going to file a lawsuit, that Montoya would be named in the lawsuit, and that Montoya could

seek the advice of an attorney.  See Jan. 12, 2011 MOO at 9-11.

Several months later, Todd filed his Complaint, which incorporated some of the information

that Montoya gave Mr. Villa and Ainsworth during his statement.

## PROCEDURAL BACKGROUND

Todd filed his Complaint on January 11, 2010 in the Second Judicial District Court for the

State of New Mexico.  See Doc. 2-1.  In Count I, Todd alleges a claim for civil-rights violations

under 42 U.S.C. § 1983, and in Count II, he alleges a claim for municipal and supervisory liability

under 42 U.S.C. § 1983.  See Complaint Counts I, II, at 6, 7.  In Count III, Todd alleges claims

against Montoya and Bernalillo County for negligence, gross negligence, and recklessness of a law-

enforcement officer, causing battery, assault and the deprivation of constitutional rights.

See Complaint Count III, at 8.  In Count IV, Todd alleges claims against Torres and Bernalillo

County for negligence, gross negligence, and recklessness in hiring, training, supervising, and

operating and maintaining a public building, causing assault, battery, false imprisonment and

deprivation of constitutional rights.  See Complaint Count IV, at 10.

On March 26, 2010, the Defendants filed a Joint Motion for Summary Judgment or in the

Alternative Motion to Disqualify Counsel.  See Doc. 16.  The Defendants' Joint Motion relied in

large part on Montoya's affidavit concerning the factual circumstances surrounding the taking of

his statement.  In the Joint Motion, the Defendants argued at length that the Court should dismiss

Todd's case as a result of Mr. Villa's and Ainsworth's alleged violations of the New Mexico Rules

of Professional Conduct in taking Todd's statement.  The Defendants also requested disqualification

of Todd's counsel.  The only other remedy the Defendants requested was for the Court to equitably

estopp Todd from pursuing his theories of liability that were based on Mr. Villa's and Ainsworth's

alleged misconduct.  Nowhere in their Joint Motion did the Defendants ask the Court to suppress Montoya's statement or to limit his statement to impeachment.

The Honorable Richard Puglisi, Chief United States Magistrate Judge for the United States District Court for the District of New Mexico, subsequently held a scheduling conference on March 31, 2010.  At that time, the Defendants requested a stay of discovery to allow the Court to rule on their pending Joint Motion.  Todd did not oppose the request, as he had not had an opportunity to file a response to the Joint Motion, and wished to devote his counsel's time and effort to that task rather than to discovery.  Accordingly, Chief Judge Puglisi stayed all discovery, pending resolution of the Defendants' Joint Motion.

In his Response in Opposition to Defendants' Joint Motion for Summary Judgment or in the Alternative Motion to Disqualify Legal Counsel and Plaintiff's Request to Strike Defendants' Motion and for Sanctions, filed April 16, 2010 (Doc. 21), Todd argued that neither Mr. Villa nor Ainsworth committed a violation of the Rules of Professional Conduct, and therefore, the Court should not dismiss Todd's case or disqualify Todd's legal counsel.  On May 12, 2010, the Defendants filed a Notice of Completion of Briefing, stating that briefing was complete on the Defendants' Joint Motion.  See Doc. 26.

Judge Browning inherited the case from the Honorable Judith C. Herrera, United States District Judge, on October 20, 2010.  On November 4, 2010, the Court held an evidentiary hearing on the Defendants' Joint Motion.  At the beginning of the hearing, before the parties introduced any evidence and before the Court heard any evidence, the Court stated that, based on its review of the briefing and the record to date, it was not inclined to believe that the appropriate remedy for the allegations in the Defendants' Joint Motion, even if true, was dismissal or disqualification of counsel.  The Court indicated that it likely would not dismiss Todd's case or disqualify Todd's

counsel even if an impropriety was found to have occurred in the process of taking Montoya's statement. The Court nonetheless indicated that it had not yet decided the Defendants' Joint Motion and that it was giving a pre-hearing inclination so the parties could focus on the Court's concerns.

At the hearing, Mr. Villa, Ainsworth, and Montoya testified. On several occasions, Montoya admitted that the statements in his affidavit were not accurate and conflicted with the transcripts of the recorded calls between himself and Ainsworth or with the transcript of the interview. The hearing was not completed on that date, however, because counsel for the parties requested an opportunity for closing arguments. The Court indicated that it would reschedule the matter and hear oral argument at a subsequent date, which it thought would likely be in December 2010. The Court indicated that it intended to rule in a timely manner.

Before Todd filed his motion to lift the discovery stay, Todd's counsel contacted Torres' and the Bernalillo County's counsel, Jeff Baker. Mr. Baker indicated that Torres and the Bernalillo County oppose the relief that Todd requests in his Motion. Todd's counsel also contacted Montoya's counsel, Carlos Quinones, who indicated that Montoya opposes the relief that Todd is requesting. At the time Todd filed this Motion, the Court had not set a date for continuation of the hearing on the Defendants' Joint Motion.

Todd moves the Court to lift the stay of discovery and order that a scheduling order be issued forthwith. Todd argues that the Court should lift the stay of discovery, because dismissal of Todd's case or disqualification of Todd's legal counsel is not a likely remedy. Todd argues that the evidence adduced at the hearing did not support the Defendants' assertions that Mr. Villa and Ainsworth violated the Rules of Professional Conduct in taking Montoya's statement. Todd also contends that discovery has been delayed an unduly long period of time. Todd's Motion seeks limited relief, specifically, that the Court lift the stay of discovery pending the ultimate resolution

-5-

of the Defendants' Joint Motion.

On November 22, 2010, Torres and Bernalillo County filed their Response to Motion to Lift Stay of Discovery.  See Doc. 34 ("Torres and Bernalillo County's Response").  Torres and Bernalillo County argue that Todd incorrectly suggests that the Court has only two options -- either dismissing Todd's lawsuit or disqualifying Todd's counsel.  Torres and Bernalillo County contend that, although these two remedies are available, the Court may also dismiss the lawsuit only against Montoya or order that the statements that the Defendants allege were improperly obtained cannot be used in the case.  Torres and Bernalillo County also argue that, if the Court orders that Montoya's statements cannot be used, or can be used only for limited purposes, the Court's ruling would influence how discovery proceeds.  Torres and Bernalillo County contend that Todd will not suffer prejudice if the Court does not lift the stay of discovery, because he already has the complete jail investigation of the incident, the videotape of the incident, and because Montoya's personnel and training records and the jail's policies and procedures are available.  Torres and the Bernalillo County furthermore contend that, until the Court rules on the Defendants' Joint Motion, it is premature to begin discovery, "because the Court may dismiss all or part of the case, may disqualify counsel, or may place restrictions on the use of improperly obtained statements."  Torres and Bernalillo County's Response at 3.  In their Response, Torres and the Bernalillo County did not cite any legal authority that supports their assertions and contentions.

On November 22, 2010, Montoya filed his Notice of Adoption by Reference of Defendants Torres and the Board of County Commissioners of Bernalillo County's Response [Doc. #34] in Opposition to Plaintiff's Motion to Lift Stay of Discovery.  See Doc. 35.  Montoya, pursuant to LR-Civ. 7.1(a), adopts and incorporates fully by reference Torres and Bernalillo County's Response to Todd's Motion.  In conclusion, Montoya requests that the Court deny Todd's Motion.

-6-

On November 23, 2010, Todd filed his Reply to Defendant Torres and the Board of County Commissioners of Bernalillo County's Response to Motion to Lift Stay of Discovery. See Doc. 36. Todd argues that Torres and Bernalillo County's Response does not cite authority to support its proposition that the stay be continued pending the Court's decision on the Defendants' Joint Motion and provides no other compelling reason to continue the stay.

In an effort to get this case moving, the Court promptly worked on the Defendants' Joint Motion. The Court forgot it had promised to resume the hearing on the motion, and issued its Memorandum Opinion and Order on January 12, 2011. See Doc. 39.[2]  The Court found that the evidence adduced at the hearing did not support the Defendants' assertions that Mr. Villa's or Ainsworth's conduct in taking Montoya's statement violated the Rules of Professional Conduct. Accordingly, the Court did not dismiss the lawsuit or disqualify Todd's counsel. The Court also did not suppress Montoya's statement, having found that Mr. Villa and Ainsworth did not act improperly. The Court did not limit the use of Montoya's statements, but stated that, "[i]f there is any unfairness in any statement . . . Montoya gave before trial to Todd's legal team, the Court may be willing to entertain a request to exclude some particularly troubling statement." Jan. 12, 2011 MOO at 33.

On January 12, 2011, at 4:13 p.m., the Court's Courtroom Deputy Clerk issued a notice of motion hearing regarding the motion to lift stay of discovery, setting the hearing for January 19, 2011, at 1:30 p.m. As the Court worked on Todd's Motion on Saturday, January 15, 2011, it, for the first time, realized it had not held the hearing that it had promised the parties.

---

[2] If the parties wish to resume that hearing, they may write a letter to the Court, and the Court will set a hearing to resume legal argument on the Defendants' Joint Motion. And if the parties desire to file a motion to reconsider, the Court can set a hearing on that motion.

## REQUIREMENTS FOR PRESERVING ARGUMENTS

The United States Court of Appeals for the Tenth Circuit has stated that a failure to cite specific authority on an issue means, on appeal, that the issue is not before the court.  See Milne v. USA Cycling, 575 F.3d 1120, 1129 n.5 (10th Cir. 2009); Pignanelli v. Pueblo Sch. Dist. No. 60, 540 F.3d 1213, 1217 (10th Cir. 2008)(holding appellant waived argument by failing to cite an legal authority or record evidence in support of her argument).  Similarly, the Tenth Circuit has stated: "An issue or argument insufficiently raised in the opening brief is deemed waived." Becker v. Kroll, 494 F.3d 904, 913 n.6 (10th Cir. 2007).  The United States District Court for the District of New Mexico has a similar rule.  See D.N.M.LR-Civ. 7.3(a)("A motion, response or reply must cite authority in support of the legal positions advanced.").

## LAW REGARDING STAY OF DISCOVERY

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense."  Fed. R. Civ. P. 26(c).  "The decision to stay discovery rests within the sound discretion of the trial court." Goodwin v. H.M. Brown & Assocs., Inc., No. 10-cv-01205-PAB-MEH, 2010 WL 3927875, at *2 (D. Colo. Oct. 6, 2010)(citing Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990)).  The general rule is that a stay of discovery is not warranted unless the case will likely be concluded as a result of the court's ruling on the pending motion.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)(stating discovery may be stayed to determine the dispositive issue of immunity of government officials); 8A C. Wright, A. Miller, M. Kane. & R. Marcus, Federal Practice & Procedure, § 2040 (3d ed. 1998)("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." (footnote omitted)).  Although district courts have discretion to stay discovery pursuant

-8-

to rule 26(c), "pending the outcome of a dispositive motion," district courts in the Tenth Circuit do not routinely grant stays. Samson Res. Co. v. J. Aron & Co., No. 08-CV-0752-TCK-SAJ, 2009 WL 1606564, at *1 (N.D. Okla. June 8, 2009)(internal citation and citations omitted).

> Nonetheless, such stays may be appropriate "where the case is likely to be finally concluded as a result of the ruling thereon, where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome."

Samson Res. Co. v. J. Aron & Co., 2009 WL 1606564, at *1 (citing Kutilek v. Gannon, 132 F.R.D. 296, 298 (D. Kan. 1990)). See Namoko v. Milgard Mfg., Inc., No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007)("In particular, good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party.").

> Factors that courts may consider in deciding whether to grant a stay of discovery include: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."

See Samson Res. Co. v. J. Aron & Co., 2009 WL 1606564, at *1 (citing Schmaltz v. Smithkline Beecham Corp., No. 08-CV-119, 2008 WL 3845260, at *1 (D. Colo. Aug. 15, 2008)).

## ANALYSIS

The Court has now ruled on the Defendants' Joint Motion. The Court has declined to dismiss all or any part of Todd's case, to disqualify Todd's counsel, or, at this time, to place restrictions on the use of Montoya's statements. That the Court did not impose sanctions in its Jan. 12, 2011 MOO is inextricably intertwined with the fact that the Court found that Mr. Villa and Ainsworth did not violate the Rules of Professional Conduct in obtaining Montoya's statement. The Court also stated, however, that even if Mr. Villa or Ainsworth violated the Rules of Professional

Conduct, the remedy of dismissal or disqualification would not be appropriate.  <u>See</u> MOO at 30 ("Moreover, even if the Court were to find that Mr. Villa and/or Ainsworth violated the requirements of rule 16-403, the Court would not dismiss Todd's case or disqualify his choice of counsel.  Neither draconian remedy is warranted at this stage.").

The Defendants' contention that a stay is warranted is now undermined, because the Court has determined disqualification of Todd's counsel or dismissal of Todd's lawsuit is not appropriate.  The Defendants' argument that the Court should continue the stay of discovery is unsupported by any authority and, at this stage, lacks logic.  Because the Court found that neither dismissal nor disqualification were appropriate, there is no sound basis that requires or counsels the Court to continue the stay.

While the Court should not have to search out contrary authority, and the Defendants have not supplied contrary authority, the general rule is that a stay of discovery is not warranted unless the case will likely be concluded as a result of the court's ruling on the pending dispositive motion.  <u>See</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. at 818.  If the Court had been inclined to impose the remedy of dismissal, that remedy might provide a reason as to why a stay is appropriate.  Now, however, Todd is entitled to discovery, because the Court has decided that it will not dismiss Todd's lawsuit.  Even if the Court reconsiders its Jan. 12, 2011 MOO, it is unlikely the Court will dismiss Todd's case if it finds a violation.  Thus, no reason exists to stay discovery, because the Court is not likely to use dismissal as a remedy.

The Defendants do not provide any reasons sufficient under the case law to continue the stay.

Factors that courts may consider in deciding whether to grant a stay of discovery include: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."

-10-

<u>Samson Res. Co. v. J. Aron & Co.</u>, 2009 WL 1606564, at *1 (citation omitted).  Discovery has been delayed an unduly long period of time -- approximately eight months.  It is no longer premature to begin discovery.  Although Todd has not pointed to any prejudice other than delay in the progress of his case, and although there is no indication that evidence has been lost, now that the Court has ruled on the Defendants' Joint Motion, there will be prejudice to Todd if the stay of discovery is left in place.  There was little from which the Court could be convinced of the merits of the Defendants' Joint Motion and thus there is little basis to continue to impose a stay of discovery.  The Defendants' Joint Motion did not have sufficient merit to warrant a reasonable belief that Todd's case should be dismissed or that the Court should disqualify Todd's counsel.   Additionally, suppression of Montoya's statement is not appropriate, because the Court has found that Mr. Villa and Ainsworth did not obtain the statement improperly.  Because the Court has found that the Defendants' requests that it dismiss Todd's case or disqualify his counsel do not have a sound basis in the law or the facts of the case, the case should proceed.  The Court therefore finds that the burden to the Defendants in proceeding with discovery is nonexistent or minimal.  The Court believes that a further delay in this case is not in the best interests of persons who are not parties to the litigation, whose memories of the events involved in the litigation may further fade if the Court continues the stay of discovery.  Furthermore, there is nothing to indicate that further delay in discovery would be in the Court's interest in convenience, given that the Court has already ruled on the Defendants' Joint Motion, or in the public's interest.  These factors counsel in favor of the Court lifting the stay of discovery.  Because the Defendant's Joint Motion is no longer pending, because the Court has decided it will not dismiss Todd's case, and because the Defendants have offered no reasons sufficient under case law to continue the stay of discovery, the Court will grant Todd's request to lift the stay of discovery.  <u>See Simpson v. Specialty Retail Concepts, Inc.</u>, 121 F.R.D. 261, 263 (M.D.N.C.

1988)("[A] request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." (citing Lugo v. Alvarado, 819 F.2d 5 (1st Cir. 1987)). The Court will lift the stay of discovery and order that a scheduling order for discovery be issued immediately.

In their Joint Motion, the Defendants did not ask the Court to suppress Montoya's statements, and, in its Jan. 12, 2011 MOO, the Court did not order suppression of Montoya's statements. There is no sound reason to believe that the Court's ruling will influence how discovery proceeds. If something down the road makes use of Montoya's statements substantially unfair, the parties can attempt to agree among themselves how to guard against improper use of the statements. If the parties cannot agree to guidelines that will protect the Court's integrity, the parties may petition for the Court's assistance in fashioning appropriate guidelines. At this time, however, discovery should proceed. The Court is confident that its Jan. 12, 2011 MOO will not require the Court's assistance to any unusual degree during the discovery process. Discovery should proceed as normal. The Court does not believe that anything it has done has created a situation where potentially each and every discovery request, deposition question, or the like will require a Court ruling. Because the Court did not suppress Montoya's statement, there is no reason to limit discovery, and the Court's ruling does not affect discovery. At this stage, there is no limitation on the evidence that can be introduced at trial. If any evidence turns up in discovery which the Defendants believe the Court should suppress by judicial order, then the Defendants can file a motion in limine.

In conclusion, the flaw in the Defendants' suggestion that the Court continue the stay is borne out by realizing the Court's Jan. 12, 2011 MOO, which does not suppress any evidence, does not limit discovery. There is now no need to determine what evidence is derived from Montoya's

statement and what is not.  It will be the discovery process itself that will bear out the answers to the question, and thus limiting discovery would not be appropriate.

Accordingly, the Court will lift the stay of discovery now that it has resolved the Defendant's motion for summary judgment.  The Court will also instruct its Courtroom Deputy Clerk, K'Aun Wild, to issue a scheduling order as soon as possible.

**IT IS ORDERED** that the Plaintiff's Motion to Lift Stay of Discovery, filed November 9, 2010 (Doc. 33) is granted.


_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Erlinda O. Johnson
Albuquerque, New Mexico

-- and --

Ryan J. Villa
The Law Offices of
  Robert R. Cooper
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Carlos M. Quinones
Quinones Law Firm
Santa Fe, New Mexico

*Attorneys for Defendant Tomas Montoya*

-13-

Jeffrey L. Baker
Renni Zifferblatt
Jeffrey L. Baker & Associates
Albuquerque, New Mexico

*Attorneys for Defendants Ron Torres and The Board of County Commissioners of Bernalillo County*